IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diana Medina,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Brithe & Associates, PLC,<br><br>　　　　　　Defendant. | No. CV-2013-00573-PHX-BSB<br><br>**REPORT AND RECOMMENDATION** |

　　　　Plaintiff Diana Medina filed a complaint against Defendant Brithe & Associates, PLC on March 19, 2013, asserting violations of the Fair Debt Collections Practices Act (FDCPA). (Doc. 1.) After Defendant failed to respond to the Complaint, Plaintiff filed an application for entry of default (Doc. 8) and the Clerk entered default on July 23, 2013. (Doc. 9.) Plaintiff filed a motion for default judgment on August 8, 2013 (Doc. 10), which the Court denied without prejudice. (Doc. 11.) Plaintiff filed a renewed motion for default judgment on August 26, 2013. (Doc. 12.) For the reasons below, the Court recommends that default judgment be entered in favor of Plaintiff and against Defendant.[1]

　　　　Because Defendant's default has been entered under Federal Rule of Civil Procedure 55(a) (Doc 9), the Court has discretion to grant default judgment against Defendant pursuant to Rule 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

---

[1] On April 1, 2013, Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. 636(c). However, because Defendant has not appeared or consented to magistrate judge jurisdiction, the Court proceeds by a Report and Recommendation to the Honorable Stephen M. McNamee. *See* General Order 11-03.

1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). The Court considers the following factors in deciding whether to grant default judgment (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Having considered Plaintiff's motion and supporting declaration, which address each of the *Eitel* factors (Doc. 12, Ex. 1), and having reviewed the well-pled factual allegations in the Complaint (Doc. 1), the Court concludes that default judgment is appropriate in this case. *See Nero v. Law Office of Sam Streeter, P.L.L.C.*, 2009 WL 2981973, at *10 (E.D.N.Y. Sept. 10, 2009) (granting default judgment on FDCPA claims).

Therefore, the Court recommends that Plaintiff's motion be granted to the extent that she seeks $1,000.00 in statutory damages under 15 U.S.C. § 1692k(a)(2)(A). *See Harper v. Better Bus. Servs., Inc.*, 961 F.2d 1561, 1564 (11th Cir. 1992) (Section 1692k(a)(2) provides that a plaintiff may recover statutory damages of up to $1,000.00 for noncompliance per FDCPA action). Because Plaintiff has sufficiently documented her request for attorney's fees and costs, and requests a reasonable amount for fees and costs, the Court recommends that Plaintiff be awarded $2,862.00 in attorney's fees and $500.00 in costs under 15 U.S.C. § 1692k(a)(3). *See Ortega v. Griggs & Assocs. LLC*, 2012 WL 2913202, at *5 (N.D. Cal. Jul. 13, 2012) (entering default judgment in an FDCPA case and awarding the plaintiff $5,146.00 in attorney's fees); *see also* 15 U.S.C. § 1692k(a) (directing the court to award attorney's fees to a prevailing consumer).

Because the FDCPA does not provide for prejudgment interest, and Plaintiff does not provide any arguments in support of her request for prejudgment interest, the Court recommends that Plaintiff's request for prejudgment interest be denied. *See Schwarm v. Craighead*, 2008 WL 3286797, at *4 (E.D. Cal. Aug. 6, 2008) (stating that the FDCPA act does not provide for prejudgment interest and that "whether plaintiffs are entitled to

prejudgment interest under the FDCPA is determined by statutory interpretation and federal common law); *see also In re Exxon Valdez*, 484 F.3d 1098, 1100-01 (9th Cir. 2007) (noting that "prejudgment interest is a substantive aspect of a plaintiff's claim").

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion for Default Judgment (Doc. 12) be **GRANTED** and that default judgment in the total amount of $4,362.00 be entered in favor of Plaintiff and against Defendant on the FDCPA claim asserted in the Complaint (Doc. 1). Specifically, it is recommended that Plaintiff be awarded $1,000.00 in statutory damages, *see* 15 U.S.C. § 1692k(a)(2)(A), $2,862.00 in attorney's fees, and $500.00 in costs, *see* 15 U.S.C. § 1692k(a)(3).

**IT IS FURTHER RECOMMENDED** that Plaintiff's request for prejudgment interest be **DENIED**.

This recommendation is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72. Thereafter, the parties have fourteen days within which to respond to the objections. Failure to file timely objections to the Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See* Fed. R. Civ. P. 72.

Dated this 19th day of September, 2013.

_____
Bridget S. Bade
United States Magistrate Judge